IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN NADASDY,<br><br>    Petitioner,<br><br>  vs.<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | No. C 07-6284 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, an inmate in the Santa Clara County Jail, filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2007 state court conviction for contempt of court. Petitioner states that at the time he filed the instant federal habeas petition, he had a petition, appeal, or other post-conviction proceeding pending in the California Supreme Court. (Petition at 5.)

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague, conclusory, palpably incredible, or patently

1  frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citing
2  *Blackledge v. Allison*,  431 U.S. 63, 75-76 (1977)).

3       The exhaustion requirement applicable to federal habeas petitions is not satisfied if
4  there is a pending post-conviction proceeding in state court.  *See* 28 U.S.C. § 2254(b)-(c);
5  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge
6  to a criminal conviction is pending in state court, a potential federal habeas petitioner
7  must await the outcome of that challenge before his state remedies are considered
8  exhausted.  *See id.*  This rule applies irrespective of whether the issue raised in the
9  pending state petition is included in the federal petition, for the reason that a pending state
10 court challenge may result in a reversal of the petitioner's conviction, thereby mooting the
11 federal petition.  *See id.* (citations omitted).

12      As Petitioner has a petition, appeal or other post-conviction proceeding pending in
13 the California Supreme Court, the instant petition for a writ of habeas corpus is hereby
14 DISMISSED, without prejudice to Petitioner's refiling his claims after all state court
15 post-conviction challenges to petitioner's conviction have been completed and all claims
16 petitioner wishes to raise in federal court have been exhausted in accordance with
17 28 U.S.C. § 2254(b)-(c).  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (holding every
18 claim raised in federal habeas petition must be exhausted).

19      The Clerk shall close the file.
20      IT IS SO ORDERED.
21 DATED: <u>April 24, 2008</u>
22                                         JEFFREY S. WHITE
                                        United States District Judge

2

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

STEPHEN A NADASDY,

        Plaintiff,

  v.

SANTA CLARA COUNTY et al,

        Defendant.

Case Number: CV07-06284 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Stephen Nadasdy
07043886
Santa Clara County Department of Correction
Elmwood Complex
701 Abel Street
Milpitas, CA 95035

Dated: April 24, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk